(Judge Cox, of the First Circuit, taking the place of Judge Stewart.)

ELIZABETH MORIARITY V. JOHN J. DEVINE.

1. REFUSAL TO SERVE VENIRE FOR JURY.

A *recital in the transcript* of a *magistrate*, "that the constable has demanded his fees in advance, and refuses to serve a summons for a jury because not paid," is *not a return of the constable*, and will be disregarded by a court on error.

2. RIGHT OF CONSTABLE TO DEMAND FEES IN ADVANCE.

A constable has no right to demand in *advance* of *service* his fees for summoning a jury under section 6551, Revised Statutes.

3. AUTHORITY OF MAGISTRATE TO TRY A CASE WITHOUT A JURY.

When a jury is properly demanded and selected in a trial before a magistrate, the refusal of a constable to serve the summons on the persons so selected as jurors, gives no authority to the magistrate to try the case *without* a jury.

*This case was reversed by the Supreme Court in Kent v. Ry. Co., 45 O. S., 284.

    4      C    C      1

ERROR to the Court of Common Pleas of Franklin county.

Cox, J.

The plaintiff presents this petition in error, to reverse the judgment of the court of common pleas affirming the judgment of a justice of the peace in replevin.

In the case before the justice on the day set for trial, the defendant appeared and demanded a trial by jury. The jury was selected and summons issued therefor to the constable, and the trial adjourned for three days. The transcript of the justice recites that the constable demanded his fees for serving the jury, of which defendant had notice. On the day fixed for trial, both parties appeared, and the entry of the justice is, " the defendant having failed to pay the constable his fees for serving the jury, at defendant's request cause continued to 21st." A like entry is made on the 21st, and on March 1st and 15th. So that it appears that defendant appeared at four different days demanding a trial by jury, and on each day was met by the answer: jury not served because constable's fees not paid.

On the fifth day appointed for trial, defendant did not appear, and then the plaintiff waived a trial by jury and the justice heard the case without a jury, and rendered a judgment in favor of the plaintiff.

That the defendant was entitled to trial by jury is absolutely provided by section 6547, Revised Statutes, and it is also clear by section 6545 that the justice had no right to try the action himself and render judgment, after the defendant had demanded a jury. Three questions arise for determination.

*First*—Does the record legally show, that the constable refused to summon the jury because his fees were not paid in advance?

*Second*—Had he a right to refuse to serve the summons until his fees were paid in advance?

*Third*—Could the justice, under this state of case, try the case without a jury? As to the first points, the only evidence we have as to the demand by the constable for fees, or his refusal to serve the summons for the jury, is in the recital by the justice in his transcripts, as follows: " The constable demanded his fees, in advance, for serving said jury, of which defendant had notice;" and again, "The defendant having failed to pay the constable his fees for serving the jury, the jury was not served," " said constable's fees were not paid, and jury not served."

This does not appear as the return of the constable. It was the duty of the constable to make a return on his writ of his proceeding, and whether the parties were or were not served; and if served, how; if not, the reason therefor; and what that return was, should appear in form as the official act of the constable. But while the transcript shows that the summons was issued, it nowhere appears that it was ever returned, or any reason endorsed on the writ by the constable for its nonservice.

While this writ was, therefore, in the hands of the constable for service and return, the justice could not proceed further in the case.

Admitting that the constable had made the return on the writ; that he had demanded the fee for service from the defendant, and he had refused to pay them, and that therefore he returned the summons "*not served*," was he authorized by law so to do?

Section 6551, R. S., provides that the constable shall serve the summons for the jury by a personal service, and return the same endorsed with the names of the persons served.

Section 622 provides the amount of fees for services *rendered* which he shall be entitled to receive. The inference would seem naturally to follow that until he rendered the service he would not be entitled to fees, in the absence of statutory provision that he could require payment before he rendered the service.

There are some cases where the statute expressly provides that the officer may exact his fees in advance, and these provisions would seem to be a strong

argument that he could not demand in advance except where it is so provided. This view is further sustained by section 1322, Revised Statutes, which provides, that " no sheriff, coroner or constable shall be entitled to receive, either on *mesne* or final process, any fees, unless he return upon the process, upon which any charge shall have been made, the particular item of such charge."

Now, one of the items for which the constable can charge by section 622, is for mileage, twenty cents for the first mile, and five cents for each additional mile; and as by the statute he is obliged to serve the jurors by a *personal* service, how can he in advance fix the amount of mileage fees ! It may be in the service he will be compelled to go one mile or twenty, and, therefore, his fees cannot be ascertained until after service. We hold, therefore, that the constable was not authorized to demand his fees in advance of service of the summons.

The failure of the constable to perform his duty in summoning the jury would not authorize the justice to try the case without a jury. He should have compelled the constable to make a return, or, as he might under the statute, appoint some suitable person to serve it.

The judgment of the court of common pleas and of the justice will therefore be reversed, and the case remanded to that court for further proceedings.

W. H. Dunnick, for plaintiff in error; no counsel appeared for defendant.

---

85                   JUSTICES OF THE PEACE—PRACTICE.

[Franklin Circuit Court, September Term, 1885.]

Williams, Cox and Shauck, JJ.

(Judge Cox, of the First Circuit, taking the place of Judge Stewart.)